UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACK HUGHES,

vs.                                Case No.  2:04-cv-485-FtM-29DNF

AMERICAN TRIPOLI, INC., BARTLETT & CO., INC., GROBERT USA, INDIAN JEWELERS SUPPLY COMPANY, MALVERN MIINERALS COMPANY, RIO GRANDE JEWELRY SUPPLY, THUNDERBIRD SUPPLY COMPANY, UNIMIN CORPORATION,

Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant American Tripoli, Inc.'s Motion to Dismiss First Amended Original Complaint or for More Definite Statement (Doc. #65), filed on March 3, 2005. Plaintiff filed a Response (Doc. #82) on April 11, 2005.  Defendant has requested oral arguments, however, the Court finds that the motion can be decided on the submissions.  Having reviewed the motion and response thereto, the Court finds that the motion to dismiss is due to be granted, but with leave to amend the Complaint one final time.

    The Court finds that the First Amended Complaint is insufficient because it is confusing and unclear, and that separate counts will facilitate the clear presentation of the claims.

Additionally, the Court makes the following observation for plaintiff's consideration in drafting a Second Amended Complaint:

The new complaint must advise defendants and the Court of the causes of actions which are brought, and may not simply refer to "among other things, the laws of the State of Florida, including, but not limited to, the Florida Product Liability Act." (Doc. #55, ¶ 6). Additionally, there does not seem to be a "Florida Product Liability Act."

The new complaint must be more specific than "defendants" in its allegations and counts. Other than paragraph 22, it appears that defendants which performed different functions have been lumped together; this provides insufficient notice and is confusing, at least to the court. Merely stating that individual defendants are "properly before the court" (Doc. #55, ¶¶ 11-17) adds no factual detail to the complaint. The allegation that Unimin Corporation has been served with "citation" (Doc. # 55, ¶ 18) is unclear. The identify of the "Product Defendants" (Doc. #55, ¶ 39) is also unclear.

The Court will require that the new complaint set forth separate claims against named defendant(s) in separate counts. While not always mandated by the Federal Rules of Civil Procedure, the Court finds that in this case such separation of claims into counts is necessary for the clear presentation of the claims and issues.

While "the typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions" Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002), the First Amended Original Complaint and Demand for Jury Trial suffers from the opposite problem.  Plaintiff has failed to adopt any of his general factual allegations into the causes of actions he sets forth.

Since plaintiff will be required to file another amended complaint, the Court declines to decide whether the specific causes of actions which defendant challenges state a claim.

Accordingly, it is now

**ORDERED**:

1. Defendant American Tripoli, Inc.'s Motion to Dismiss First Amended Original Complaint or for More Definite Statement (Doc. #65) is **GRANTED** as to the motion to dismiss and denied as to the motion for more definite statement.  The First Amended Original Complaint and Demand for Jury Trial (Doc. #55) is **dismissed** without prejudice.

2.  Defendant American Tripoli, Inc.'s Request for Oral Argument (Doc. #66) is **DENIED.**

3.  Plaintiff may file a Second Amended Complaint in compliance with the Federal Rules of Civil Procedure and the

cautions in this Opinion and Order within **TWENTY (20) DAYS** of this Order. All defendants shall answer or otherwise respond to the Second Amended Complaint within **TEN (10) DAYS** of filing and service.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of May, 2005.

*[Signature]*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record