```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JACK HUGHES,

vs.                                 Case No.  2:04-cv-485-FtM-29DNF

AMERICAN TRIPOLI, INC., BARTLETT &
CO., INC., GROBERT USA, INDIAN
JEWELERS SUPPLY COMPANY, MALVERN
MIINERALS COMPANY, RIO GRANDE
JEWELRY SUPPLY, THUNDERBIRD SUPPLY
COMPANY, UNIMIN CORPORATION,

                    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Malvern Minerals Company's Motion to Dismiss (Doc. #99), filed June 10, 2005; and defendant American Tripoli, Inc.'s Motion to Dismiss or for More Definite Statement and Notice of Adoption of Malvern Minerals Company's Motion to Dismiss (Doc. #105), filed on July 7, 2005 (hereinafter "defendants"). Plaintiff filed a Reply (Docs. #103, 106) to both motions.

The Second Amended Original Complaint (Second Amended Complaint) sets forth claims for damages arising from injuries plaintiff sustained as the result of his use of bobbing and polishing compounds while working as a jeweler. On May 2, 2005, the Court entered an Opinion and Order (Doc. #85) dismissing without prejudice the First Amended Original Complaint and Demand

for Jury Trial, and directing that plaintiff may file a Second Amended Complaint.  On May 20, 2005, plaintiff filed a Motion for Leave to File with an attached Second Amended Original Complaint and Demand for Jury Trial (Doc. #90).  Because leave had previously been granted, the motion will be denied as moot and the Court will consider the merits of the two motions to dismiss.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiffs' claims are and the grounds upon which they rest.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a

dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16.

**II.**

The Second Amended Complaint (Doc. #90) alleges three counts specific to defendants: negligence, negligent failure to warn, and strict product liability under Florida law.[1] Defendant Malvern Minerals Company (MMC) argues that all three counts allege duties which MMC owed to plaintiff which are not recognized by Florida law; that the negligent failure to warn count appears to contain a claim for misrepresentation which is not pled with particularity; and the strict products liability claim makes inconsistent assertions as to whether MMC's tripoli reached plaintiff without substantial change in condition from the time it was sold.

**A.**

The basic elements of a negligence action are well-established: (1) a legal duty on the part of the defendant towards the plaintiff under the circumstances; (2) a breach of that duty by the defendant; (3) the defendant's breach of duty was both the

---

[1] A federal court sitting in diversity jurisdiction applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. Technical Coating Applicators, Inc. v. U.S. Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998).

actual and proximate cause of the plaintiff's injuries; and (4) the defendant suffered damages as a result of the breach. Humphreys v. General Motors Corp., 839 F. Supp. 822, 829 (N.D. Fla. 1993), aff'd, 47 F.3d 430 (11th Cir. 1995)(citing Paterson v. Deeb, 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985)); Simon v. Tampa Electric Co., 202 So. 2d 209 (Fla. 2d DCA 1967). Florida law imposes a broad duty of care in the negligence context.

> Florida, like other jurisdictions, recognizes that a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others. As we have stated, "Where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." Kaisner [v. Kolb], 543 So.2d [732,] 735 (Fla. 1989) (citing Stevens v. Jefferson, 436 So.2d 33, 35 (Fla. 1983)). . . . Thus, as the risk grows greater, so does the duty, because the risk to be perceived defines the duty that must be undertaken. J.G. Christopher Co. v. Russell, 58 So. 45 (Fla. 1912).

Jennings, 181 F.3d at 1257 (quoting McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla. 1992). It, however, is not reasonable to require a defendant to take all possible measures to ensure that its product was accident proof. Husky Indus., Inc., 434 So.2d at 991.

Under Florida law, a manufacturer and distributor of a product have a duty to warn of the inherent dangers associated with a product when the product has dangerous propensities. Advance Chem. Co. v. Harter, 478 So.2d 444, 447 (Fla. 1st DCA 1985). A manufacturer must take reasonable precautions to avoid reasonably

foreseeable injuries to the users of its products, and thereby assumes a duty to convey to the users of that product a fair and adequate warning of the dangerous potentialities of the products so that the user, by the exercise of reasonable care, will have fair and adequate notice of the possible consequences of the product's use or misuse. <u>Humphreys</u>, 839 F.Supp. at 829-30 (citing <u>Johns-Manville Sales Corp. v. Janssens</u>, 463 So.2d 242, 248-49 (Fla. 1st DCA 1984)). Under Florida law, a strict product liability action based upon design defect requires the plaintiff to prove that (1) a product (2) produced by a manufacturer (3) was defective or created an unreasonably dangerous condition (4) that proximately caused (5) injury. <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1257 (11th Cir. 2002); <u>Edward M. Chadbourne, Inc. v. Vaughn</u>, 491 So. 2d 551, 553 (Fla. 1986)(citing <u>West v. Caterpillar Tractor Co.</u>, 336 So. 2d 80, 86 (Fla. 1976)).

Plaintiff's allegations regarding duties may indeed contain surplusage. Nonetheless, the Second Amended Complaint complies with the pleading standards summarized above and the Court declines to dismiss the claims.

B.

MCC also asserts that there is a claim of misrepresentation which is not pled with particularity. Plaintiff makes clear in his Reply that no misrepresentation claim is intended, but only a claim of negligent failure to warn. Defendant's motion to dismiss based upon a violation of Fed. R. Civ. P. 9 is therefore denied.

C.

MCC argues that the strict products liability claim is not sufficient because the Second Amended Complaint alleges both that the tripoli reached plaintiff without substantial change in condition and specific facts which would demonstrate that the condition of the tripoli was indeed changed. Plaintiff responds that there are no actual conflicts in the allegations, and there was no substantial change in condition because the tripoli always contained silica, no matter what was done to it by other defendants. The Court finds that this count is adequate to satisfy the federal pleading standards summarized above.

III.

Defendant American Tripoli, Inc. asserts that the Second Amended Complaint is a shotgun pleading because it is still "lumped in" with MCC in the allegations. Plaintiff's theory is that these two defendants performed the same type of misconduct and therefore the Second Amended Complaint provides adequate notice. The Court agrees that the Second Amended Complaint is not subject to dismissal as a shotgun pleading.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Leave to File (Doc. #90) is **DENIED** as moot. The Second Amended Original Complaint shall remain as filed.

2. Defendant Malvern Minerals Company's Motion to Dismiss (Doc. #99) is **DENIED**.

3. Defendant American Tripoli, Inc.'s Motion to Dismiss or for More Definite Statement and Notice of Adoption of Malvern Minerals Company's Motion to Dismiss (Doc. #105) is **DENIED**.

4. Defendants shall file their Answers to Second Amended Original Complaint (Doc. #90) within **TEN (10) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of August, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record