```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JACK HUGHES,

vs.                                      Case No. 2:04-cv-485-FtM-29DNF

AMERICAN TRIPOLI, INC., GROBET USA,
d/b/a GROBET FILE, CO. OF AMERICA,
INC., INDIAN JEWELERS SUPPLY
COMPANY, MALVERN MINERALS COMPANY,
RIO GRANDE JEWELRY SUPPLY,
THUNDERBIRD SUPPLY COMPANY, MASPETH
POLISHING MATERIAL COMPANY, INC.,
MATCHLESS METAL POLISH COMPANY, THE
SATEX CORP., KOCOUR CO. and RANSOM &
RANDOLPH COMPANY,

                        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on seven Motions to Dismiss: (1) Indian Jewelers Supply Company's ("Indian Jewelers") Motion to Dismiss (Doc. #122); (2) American Tripoli, Inc.'s ("American Tripoli") Motion to Dismiss and Notice of Adoption of Indian Jeweler's Motion to Dismiss (Doc. #123); (3) The Sattex Corp.'s ("Sattex") Motion to Dismiss (Doc. #136); (4) Kocour Co.'s ("Kocour") Motion to Dismiss (Doc. #149); (5) Ransom and Randolph Company's ("Ransom") Motion to Dismiss or to Quash Service of Process, and to Adopt Co-Defendants' Motions to Dismiss (Doc. 154); and (6) Matchless Metal Poish Company's ("Matchless") Motion to Dismiss and Notice of Adoption of Indian Jeweler's, Kocour

Company's, and The Sattex Corporation's Motions to Dismiss (Doc. #162). Plaintiff filed a Response to Indian Jeweler's and American Tripoli's Motions to Dismiss (Doc. #135), to Sattex's Motion to Dismiss (Doc. #144), to Kocour's Motion to Dismiss or to Quash (Doc. #164), and to Ransom's Motion to Dismiss and to Quash (Doc. #165). Also before the Court is a Stipulated Motion to Dismiss (Doc. #167), filed on May 15, 2006.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept

unsupported conclusions of law or of mixed law and fact in a complaint. <u>Marsh</u>, 268 F.3d at 1036 n.16.

**II.**

The Third Amended Complaint (Doc. #119) alleges that plaintiff Jack Hughes (plaintiff or Hughes) worked as a jeweler and in the course of such work was exposed to large quantities of tripoli and bobbing and polishing compounds containing silica which were manufactured, distributed and/or sold by defendants.  After diagnosis in April 2002 of a silica-related lung cancer, plaintiff brought suit against various defendants.  The Third Amended Complaint alleges negligence, negligent failure to warn, and strict products liability for the manufacture, supply, and distribution of cleaning compounds, polishing compounds, and materials used in the jewelry business.  Plaintiff asserts that the defendants fall into two groups: (1) defendants that supplied and distributed tripoli; and (2) defendants that manufactured and/or distributed buffing and polishing compounds.  Plaintiff further asserts that silica-containing dust created in the process of jewelry making causes numerous disabling conditions, and that "[e]ach and every defendant sold silica-containing products and knew their products were to be used in plaintiff's employment operations as a jeweler and that such use would create respirable-sized particles of silica dust that cause disabling and crippling diseases." (Doc. #119, p. 11).

**III.**

**A. Indian Jewelers and American Tripoli**

Indian Jewelers, and by adoption American Tripoli, argue that dismissal is warranted because plaintiff failed to (1) satisfy the pleading requirements of the Federal Rules of Civil Procedure, (2) comply with conditions precedent contained in Fla. Stat. § 774.205 and Fla. Stat. § 774.207, (3) plead the necessary elements of strict liability, and (4) state a cause of action for failure to warn.  The Court will address each argument in turn.

**(1) General Pleading Matters**:  Indian Jewelers asserts that plaintiff's Third Amended Complaint fails to conform to the requirements of Fed. R. Civ. P. 8(a) and (e), and 10(b).  The Court agrees in part, although the pleading deficiencies do not justify dismissal of the entire Third Amended Complaint.

The Third Amended Complaint is divided into sections, and while it does not literally contain "counts" as required by Rule 10(b), Sections V through X are sufficient to constitute counts. "Count" VIII alleges negligent failure to warn, but includes a paragraph (paragraph 87) which alleges strict liability.  The Court concludes that a strict liability claim cannot be included within the failure to warn count consistent with Rule 10(b), and will therefore strike paragraph 87.

The Court also concludes that paragraph 60(c) of "Count" VI is redundant of the negligent failure to warn claim set forth in "Count" VIII.  Therefore, the Court will strike paragraph 60(c).

"Count" XII addresses only damages, and is not a separate cause of action. Therefore, the Court will strike paragraphs 116 through 118.

**(2) State Law Requirements**: Defendants argue that plaintiff's claims should be dismissed under Fed. R. Civ. P. 9(c) for failure to comply with conditions precedent to bringing suit. Specifically, defendants assert that plaintiff has failed to comply with several requirements under Florida Statute Chapter 744, the Asbestos and Silica Compensation Fairness Act ("the Act"). Under the Act, plaintiff was required to include with the Complaint "a written report and supporting test results constituting prima facie evidence of the exposed person's . . . silica-related physical impairment," or for any pending case, file such a report and supporting test results at least 30 days before setting a date for trial. Under state law, failure to make the required prima facie showing in the report requires dismissal without prejudice. Additionally, state law requires that plaintiff file a verified written report with the court which discloses the total amount of any collateral source payments received, and to update the reports on a regular basis during the course of the proceeding until final judgment is entered. Plaintiff has done none of these things.

"A federal court sitting in diversity is required to apply state substantive law and federal procedural law." Burke v. Smith, 252 F.3d 1260, 1265 (11th Cir. 2001)(citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). A two-part test has been

developed to distinguish substantive law from procedural law: (1) "when the federal law sought to be applied is a congressional statute or Federal Rule of Civil Procedure, the district court must first decide whether the statute is sufficiently broad to control the issue before the court.  If the federal procedural rule is sufficiently broad to control the issue and conflicts with the state law, the federal procedural rule applies instead of the state law."  Burke, 252 F.3d at 1265 (citing Hanna v. Plumer, 380 U.S. 460 (1965))(other citations and internal quotations omitted).  (2) "If the federal rule does not directly conflict with the state law, then the second prong of the Hanna test requires the district court to evaluate whether failure to apply the state law would lead to different outcomes in state and federal court and result in inequitable administration of the laws or forum shopping."  Burke, 252 F.3d at 1265.

   The Court concludes that the first prong of Hanna is satisfied here, that the matters identified in the Act are procedural in nature, are inconsistent with the Federal Rules of Civil Procedure as they relate to federal notice pleading, and that these aspects of the Act do not apply in a federal court.  See e.g., Cohen v. Office Depot, Inc, 184 F.3d 1292, 1299 (11th Cir. 1999) (concluding requirements of Florida Statute § 768.72 inapplicable because of conflicts with Fed. R. Civ. P. 8(a)(3)), vacated in part on reh'g, 204 F.3d 1069 (11th Cir. 2000), cert. denied, 531 U.S. 957 (2000). In this case, application of the pleading requirements of the Act

would conflict with the basic notice pleading requirements of Fed. R. Civ. P. 7 through 10 and the legal principles summarized above. The Court need not determine whether the disclosure of collateral source information is procedural or substantive, since it does not relate to the adequacy of the complaint and would not justify dismissal even if not yet done.

**(3) Elements of Strict Liability**:  Indian Jewelers contends that plaintiff failed to allege all the elements necessary to adequately state a claim for strict liability because he failed to plead that the bobbing/buffing and polishing compounds were placed on the market with knowledge that they would be used without inspection for defects.  (Doc. #122, p.6).

In <u>West v. Caterpillar Tractor Co.</u>, 336 So. 2d 80, 87 (Fla. 1976) the Florida Supreme Court adopted the strict product liability standard of the American Law Institute Restatement (Second) of Torts, § 402A.[1]  <u>Jennings v. BIC Corp.</u>, 181 F.3d 1250,

---

[1]The American Law Institute Restatement (Second) of Torts, § 402A provides:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability or physical harm thereby caused to the ultimate user or consumer, or to his property if
(a) the seller is engaged in the business of selling such a product, and
(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
(2) The rule stated in Subsection (1) applies although
(a) the seller has exercised all possible care in the
(continued...)

1255 (11th Cir. 1999). The Court finds that the allegations of the Third Amended Complaint, particularly paragraphs 9, 25, 25, 31-38 and 104-11 are sufficient to satisfy the federal notice pleading requirements.

**(4) Failure to Warn Elements**: Indian Jewelers also maintains that plaintiff's failure to warn claim "is legally untenable since liability for failure to warn only attaches when the product involved is inherently dangerous," and no Florida court has determined that bobbing/buffing and polishing compounds containing tripoli are inherently dangerous. (Doc. #122, p. 6).

"Unless the danger is obvious or known, a manufacturer has a duty to warn where its product is inherently dangerous or has dangerous propensities." Scheman-Gonzalez v. Saber Mfg. Co., 816 So. 2d 1133, 1139 (Fla. 4th DCA 2002). To establish strict liability for failure to warn, plaintiff must prove that defendant (a) is a manufacturer or distributor of the product at issue, and (b) did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of the

---

[1](...continued)
preparation and sale of his product, and
  (b) the suer or consumer has not bought the product from or entered into any contractual relation with the seller.

336 So.2d at 84.

manufacture and distribution. Ferayorni v. Hyundai Motor Co., 711 So. 2d 1167, 1172 (Fla. 4th DCA 1998).

It is not required that a Florida court has found the product inherently dangerous. In any event, silica dust is well recognized as being inherently dangerous. E.g., Ohio Cast Prods., Inc. v. Occupational Safety & Review Comm'n, 246 F.3d 791, 794 (6th Cir. 2001); Bergfeld v. Unimin Corp., 319 F.3d 350 (8th Cir. 2003); Chao v. Gunite Corp., 422 F.3d 550 (7th Cir. 2006). The Court concludes that this count is properly plead.

**B. Sattex, Kocoour, and Matchless Metal**

Sattex, Kocour, and Matchless Metal base their Motions to Dismiss (Docs. #136, #149, and #162 respectively) on one ground only: plaintiff's failure to comply with Florida Statute Chapter 744. For the reasons discussed above, the Court finds Fla. Stat. §744 inapplicable to this case and will deny Sattex's, Kocour's, and Matchless Metal's Motions to Dismiss.

**C. Ransom**

Ransom's Motion to Dismiss (Doc. #154) first adopts Kokour's, Indian Jeweler's, and Sattex's motions to dismiss (Doc. #154, pp. 1-2), then moves to dismiss or quash service. The Court's rulings as to Kocour's, Indian Jeweler's, and Sattex's motions to dismiss apply to those portions of Ransom's motions.

Ransom also contends that service upon it is fatally defective because plaintiff failed to comply with "every aspect" of Fla.

Stat. § 48.161 governing substituted service of process. (Doc. #154, p. 7). Plaintiff does not assert that he complied with the requirements, but argues that "he was pressed for time to file an Amended Case Management Order and chose the most expedient and sure means of delivery to do so" (Doc. #165, p. 2); that he has accommodated defendant in every way possible including agreeing to an extension to file an Answer (Id.); that defendant has not been prejudiced by the manner in which he was served (Id.); and that to require plaintiff to serve defendant again would be wasteful and unnecessary (Id.). Plaintiff requests the defendant waive the formalities of the statute to avoid unnecessary delay in re-issuing service. (Id.). Since the Court cannot compel a party to waive such requirements, the Third Amended Complaint is due to be dismissed as to Ransom, and the Court will grant 60 days to perfect proper service.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Indian Jewelers Supply Company's Motion to Dismiss (Doc. #122) is **GRANTED IN PART** to the extent that paragraphs 60(c), 87, and 116-118 are **stricken**, and is otherwise **DENIED**.

2. American Tripoli, Inc.'s Motion to Dismiss and Notice of Adoption of Indian Jeweler's Motion to Dismiss (Doc. #123) is

**GRANTED IN PART** to the extent that paragraphs 60(c), 87, and 116-118 are **stricken**, and is otherwise **DENIED**.

3. The Sattex Corp.'s Motion to Dismiss (Doc. #136) is **DENIED**.

4. Kocour Co.'s Motion to Dismiss (Doc. #149) is **DENIED**.

5. Ransom and Randolph Company's Motion to Dismiss or to Quash Service of Process, and to Adopt Co-Defendants' Motions to Dismiss (Doc. 154) is **GRANTED in part** and **DENIED in part**. Defendant's Motion to Quash is granted, and plaintiff has sixty (60) days from the date of this Opinion and Order in which to properly serve Ransom and Randolph Company. Ransom and Randolph Company's Motion to Dismiss is otherwise **DENIED**.

6. The Stipulated Motion to Dismiss (Doc. #167) is **GRANTED**, and defendant Kocour Company, Inc. Is **dismissed without prejudice**.

7. Matchless Metal Poish Company's Motion to Dismiss and Notice of Adoption of Indian Jeweler's, Kocour Company's, and The Sattex Corporation's Motions to Dismiss (Doc. #162) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of May, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Unrepresented parties