UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACK HUGHES and BARBARA HUGHES,

          Plaintiffs,

vs.                                    Case No. 2:04-cv-485-FtM-29DNF

AMERICAN TRIPOLI, INC., GROBET USA, d/b/a GROBET FILE, CO. OF AMERICA, INC., INDIAN JEWELERS SUPPLY COMPANY, MALVERN MINERALS COMPANY, RIO GRANDE JEWELRY SUPPLY, THUNDERBIRD SUPPLY COMPANY, MASPETH POLISHING MATERIAL COMPANY, INC., MATCHLESS METAL POLISH COMPANY, THE SATTEX CORP., and RANSOM & RANDOLPH COMPANY,

          Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on consideration of Motions to Dismiss by defendants Indian Jewelers Supply Co. (Doc. #216), The Sattex Corp. (Doc. #217), Grobet USA (Doc. #219), Rio Grande Jewelry Supply (Doc. #223), American Tripoli, Inc. (Doc. #225), and Matchless Metal Polish Co.'s (Doc. #227). Also before the Court is defendant Ransom & Randolph Co.'s (Doc. #237) motion to dismiss or to quash service of process and defendant Thunderbird Supply Co.'s (Doc. #247) motion to dismiss for lack of personal jurisdiction. Plaintiffs filed Responses (Doc. #232, 240, 263) and defendant was granted permission to file Replies (Doc. #245, 269).

A Mediators Report (Doc. #283) reports that the case has been settled as to defendants Indian Jewelers Supply Company, Rio Grand Jewelry Supply, Thunderbird Supply Company, Matchless Metal Polish Company, and The Sattex Corp. Therefore, the motions by these defendants will be denied as moot. Plaintiffs have filed Notice of Settlement (Doc. #284) indicating that all parties have settled and that a motion to dismiss with prejudice will be filed shortly. Defendant American Tripoli, Inc. filed an Objection to Notice of Settlement (Doc. #285). Based upon the settlement or the anticipated dismissal with prejudice, all motions except American Tripoli, Inc. Motion to Dismiss will be denied as moot.

## I.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 2007 U.S. LEXIS 5901, *21 (May 21, 2007)(citations omitted); Erickson v. Pardus, 2007 WL at *3; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

On December 20, 2006, the Magistrate Judge entered an Order (Doc. #214) granting plaintiff's request to amend the complaint to add an additional party, namely plaintiff's wife Barbara Hughes, and declining to address the statute of limitations argument. The Fourth Amended Original Complaint (Doc. #215) was filed on the same day. Defendant American Tripoli, Inc. seeks dismissal of Count XI, plaintiff Barbara Hughes' loss of consortium claim.

The Fourth Amended Original Complaint provides that plaintiff Jack Hughes learned he had silica-related lung cancer in April

2002. Plaintiff Barbara Hughes is the spouse of Jack Hughes and "has a loss of consortium claim arising out of his illness." (Doc. #215, ¶ 7.) Plaintiff had sought to add Barbara Hughes as a plaintiff, along with the new claim, on December 1, 2006, asserting new facts uncovered during discovery. The Fourth Amended Original Complaint otherwise asserts negligence and strict liability claims. The applicable statute of limitations for a claim of loss of consortium in this case is four years, FLA. STAT. § 95.11(3).

Generally, in a diversity case, the Court applies federal procedural law and state substantive law. <u>Esfeld v. Costa Crociere, S.P.A.</u>, 289 F.3d 1300, 1306 (11th Cir. 2002). In 2001, the Eleventh Circuit Court of Appeals held that "Rule 15(c)(1) allows federal courts sitting in diversity to apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action." <u>Saxton v. ACF Indus.</u>, 254 F.3d 959, 963 (11th Cir. 2001)(citation omitted). The state's relation-back rules are only applied if more liberal than the federal rule. <u>See</u> FED. R. CIV. P. 15 advisory committee's note. The Court will consider both the federal and state relation-back rules.

Florida Rule of Civil Procedure 1.190(c) provides that "[w]hen the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment shall relate back to the date of the original pleading." The addition of a new party is not addressed by the Rule, but "[g]enerally, the addition of a new

party to an action will not relate back to the original complaint." Schwartz By & Through Schwartz v. Wilt Chamberlain's, Ltd., 725 So. 2d 451, 453 (Fla. 4th DCA 1999).  An exception is when "it can be said that the new and former parties have an identity of interest so as to not prejudice the opponent by the addition." City of Miami v. Cisneros, 662 So. 2d 1272, 1274 (Fla. 3d DCA 1995).  See also Williams v. Avery Dev. Company-Boca Raton, 910 So. 2d 851, 853 (Fla. 4th DCA 2005); Schwartz, 725 So. 2d at 453.

Much like the Florida counterpart, the federal rule provides that an amendment relates back to the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  FED. R. CIV. P. 15(c)(2). Although not explicitly addressed by Rule 15(c)(3), a plaintiff may seek to add an additional plaintiff, but faces a more stringent rule than section (c)(2).  Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1131-1132 (11th Cir. 2004).  Under Federal Rule of Civil Procedure 15(c)(3), a plaintiff's amended complaint will relate back to the original complaint if: (1) Section (c)(2) is satisfied; (2) defendant(s) will not be unfairly prejudiced; and (3) if defendant(s) knew or should have known that it would be called upon to defend against claims asserted by the newly-added plaintiff. Cliff, 363 F.3d at 1132.  Thus, Rule 15(c)(3) requires consideration of both prejudice and notice when adding a party. Id. at 1131.

In this case, Barbara Hughes' loss of consortium[1] claim clearly arose from the same set of facts as her husband's claims in the original pleading since the claim is "founded on the relationship between a husband and a wife." Bombalier v. Lifemark Hosp. of Fla., 661 So. 2d 849, 852 (Fla. 3d DCA 1995)(citation omitted).  The fourth amendment adding Barbara Hughes occurred in a timely manner and arose from her relationship with Jack Hughes; since the claim stems from her relationship with Jack Hughes, defendants were on notice of the potential claim of the spouse; and defendant would not now be prejudice by the addition of Barbara Hughes or her claim because the discovery deadline can be adjusted if necessary.  Therefore, the Court finds that the claim would relate back to the original pleading.  Since the Court finds that the claim does relate back to the original pleading, filed on September 30, 2004, Count XI is timely.  The motions to dismiss are due to be denied at this stage of the proceedings.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Defendants Indian Jewelers Supply Co. (Doc. #216), The Sattex Corp. (Doc. #217), Grobet USA (Doc. #219), Rio Grande Jewelry Supply (Doc. #223), Matchless Metal Polish Co.'s (Doc.

---

[1] "Consortium means much more than mere sexual relation and consists, also, of that affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage." Gates v. Foley, 247 So. 2d 40, 43 (Fla. 1971)(citing Lithgow v. Hamilton, 69 So. 2d 776 (Fla. 1954)).

#227), and Thunderbird Supply Co.'s Motion to Dismiss (Doc. #247) and Defendant Ransom & Randolph Co.'s Motion to Dismiss (Doc. #237) are **DENIED** as moot in light of the settlement or anticipated dismissal.

    2.  Defendant American Tripoli, Inc. (Doc. #225) Motion to Dismiss Count XI for loss of consortium is **DENIED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of July, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record