UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACK HUGHES and BARBARA HUGHES,

        Plaintiffs,

vs.   Case No. 2:04-cv-485-FtM-29DNF

AMERICAN TRIPOLI, INC., GROBET USA, d/b/a GROBET FILE, CO. OF AMERICA, INC., INDIAN JEWELERS SUPPLY COMPANY, MALVERN MINERALS COMPANY, RIO GRANDE JEWELRY SUPPLY, THUNDERBIRD SUPPLY COMPANY, MASPETH POLISHING MATERIAL COMPANY, INC., MATCHLESS METAL POLISH COMPANY, THE SATEX CORP., and RANSOM & RANDOLPH COMPANY,

        Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on defendant Ransom & Randolph Company's Unopposed Motion for Reconsideration of the Court's Order Relative to Its Motion to Dismiss (Doc. #292), filed on July 16, 2007. On July 6, 2007, the Court issued an Opinion and Order (doc. #286) denying as moot the various defendants' motions to dismiss based on the Mediators Report (Doc. #283) and Notice of Settlement (Doc. #284). Only defendant American Tripoli, Inc. filed an objection to the settlement documents at that time, and subsequently defendant Matchless Metal Polish Company filed a motion seeking an extension of time to file a motion to set aside the settlement. Defendant Ransom & Randolph Company (Ransom)

states that they also were not included in the settlement and therefore seek a decision on the merits of their previously filed Motion to Dismiss (Doc. #237). Upon review, the Court grants reconsideration and will review the merits of the motion.

On May 30, 2006, the Court entered an Opinion and Order (Doc. #168) dismissing Ransom & Randolph Co. (Ransom) from the Third Amended Complaint and providing plaintiff Jack Hughes an additional 60 days to perfect service of process. On July 24, 2006, plaintiff filed an Affidavit of Compliance Regarding Ransom & Randolph Company (Doc. #176) stating that a copy of the process and complaint were mailed to the Secretary of State for Florida and accepted by same, and that the notice of service of process, copy of process, and complaint were mailed by certified mail to defendant. Attached is a letter from the Florida Department of State Division of Corporations dated June 23, 2006, indicating acceptance for Ransom on June 19, 2006; and a return receipt indicating delivery on July 11, 2006 to CT Corporation System.

On July 31, 2006, defendant Ransom appeared by and through a Motion to Dismiss or in Lieu to Quash Service of Summons (Doc. #178) as to the Third Amended Complaint. Subsequently, plaintiff was permitted to amend the complaint and Ransom renewed the motion (Doc. #237). Plaintiff filed a Response (Doc. #240). Attached to the motion is the Declaration of Debra Justice (Doc. #237-2), an employee of CT Corporation System, stating that the documents were

received on July 11, 2006, and shipped and received by Ransom on July 12, 2006.

Ransom argues that service of process under FLA. STAT. § 48.161 must be strictly construed, and service in this case is defective. Ransom also argues that the Fourth Amended Complaint is insufficient to state a claim that Ransom was doing business in Florida.

Florida Statute Section 48.161(1) states in relevant part:

> When authorized by law, substituted service of process on a nonresident . . . shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, . . . . .

"The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Ft. Lauderdale, 325 So. 2d 58, 61 (Fla. 4th DCA 1976)(citations omitted). Unless plaintiff strictly complies with FLA. STAT. § 48.161, the Court does

not have jurisdiction. Shiffman v. Stumpff, 445 So. 2d 1104, 1105 (Fla. 4th DCA 1984)(collecting cases).

Notice of service by registered or certified mail and the affidavit were due to be filed on or before July 9, 2006 which is within 20 days of the date the Secretary of State accepted service of process. Notice by certified mail was received by CT Corporation System, defendant Ransom's authorized agent, on July 11, 2006. A delay of over 30 days is considered excessive and insufficient for compliance with the statute. See Parish Mortg. Corp. v. Davis, 251 So. 2d 342, 343 (Fla. 3d DCA 1971)(37 days); John Green Corp. v. Coello, 635 So. 2d 127 (Fla. 3d DCA 1994)(60 days); Smith v. Alvarado, 737 So. 2d 630 (Fla. 4th DCA 1999)(115 days). Although service was delayed only two days, the Court finds that the substituted service must be strictly complied with, and therefore, the service is due to be quashed albeit without prejudice to obtain service in the manner required by statute. See Parish, 251 So. 2d at 344. As a result, the Court need not address the timeliness of the Affidavit.

Insufficient jurisdictional allegations in the complaint will also render substituted service defective. 1155 Inv. Co. v. Tamarac Club, Inc., 537 So. 2d 154, 155 (Fla. 4th DCA 1989). A review of the Fourth Amended Complaint, the current operative pleading, reflects the following relevant allegations: (1) "Defendants are corporations incorporated under the laws of states other than Florida; each has its principal place of business in a

state other than the State of Florida" (Doc. #215, ¶ 4, 5); (2) "a substantial part of the events or omissions giving rise to this claim occurred in this district" (id. at ¶ 6); (3) "Defendants have sold, manufactured or marketed products, which have caused, or contributed to, Plaintiff's injuries and disability" (id. at ¶ 8); (4) "Defendant, [Ransom], acted as a manufacturer and/or distributor of bobbing and polishing compounds, as well as bobbing and buffing equipment and filters" (id. at ¶ 19, 23, 24); and (5) "Defendants that Plaintiff alleges are responsible for [silica-related lung cancer] exposure and resulting injury . . . manufactured and/or distributed buffing and polishing compounds" (id. at ¶ 21).

Plaintiffs allege that defendants sold, manufactured and/or marketed products causing plaintiffs' injuries, but do not allege that defendants' action took place in the State of Florida or arose from actions in the State of Florida or that Ransom subjected themselves to the jurisdiction of the State of Florida.  (Doc. #215, ¶ 8.)  Additionally, although plaintiffs allege that they are citizens of Florida for the purposes of establishing diversity jurisdiction, the allegations in paragraph 25 state that plaintiff worked in or was exposed to the silica in Charlotte County, Florida, and Talbot County, Maryland.  (Id. at ¶ 25.)  The Court finds that plaintiffs have not sufficiently alleged the existence of long-arm jurisdiction with regard to this defendant.  The motion is due to be granted with respect to Ransom.

Accordingly, it is now

**ORDERED**:

1. Defendant Ransom & Randolph Company's Unopposed Motion for Reconsideration of the Court's Order Relative to Its Motion to Dismiss (Doc. #292) is **GRANTED** to the extent that the Court has reconsidered the merits of the dispositive motion.

2. Defendant Ransom & Randolph Company's Motion to Dismiss Plaintiff's Fourth Amended Complaint or in Lieu Thereof to Quash Service of Summons (Doc. #237) is **GRANTED** and Ransom is dismissed without prejudice for lack of jurisdiction from the Fourth Amended Complaint and service of process is quashed for failure to strictly comply with FLA. STAT. § 48.161.

3. The Clerk shall terminate defendant Ransom & Randolph Company as a party defendant and withhold the entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of July, 2007.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record